Zhu v. Lynch

BIA
A099 934 642

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of July, two thousand fifteen.

PRESENT:
        DENNIS JACOBS,
        PETER W. HALL,
        RAYMOND J. LOHIER, JR.,
            *Circuit Judges.*

_____

BEN HONG ZHU,
        *Petitioner,*

        v.                                    13-3276
                                             NAC
LORETTA E. LYNCH, UNITED STATES
ATTORNEY GENERAL,
        *Respondent.*\*

_____

FOR PETITIONER:            Ben Hong Zhu, *pro se*, Houston,
                           Texas.

---

\* Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Loretta E. Lynch is automatically substituted for former Attorney General Eric H. Holder, Jr.

**FOR RESPONDENT:** Stuart F. Delery, Assistant Attorney General; Cindy S. Ferrier, Assistant Director; Brendan P. Hogan, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Ben Hong Zhu, a native and citizen of the People's Republic of China, seeks review of an August 2, 2013, decision of the BIA denying his motion to reconsider. *In re Ben Hong Zhu*, No. A099 934 642 (B.I.A. Aug. 2, 2013). We assume the parties' familiarity with the underlying facts and procedural history of this case.

Because Zhu petitions for review of the denial of a motion to reconsider, but not from the underlying decision for which reconsideration is sought, we review only the denial of his motion to reconsider. *See Ke Zhen Zhao v. U.S. Dep't of Justice*, 265 F.3d 83, 89-90 (2d Cir. 2001). The BIA did not abuse its discretion in concluding that Zhu failed to specify any error of law or fact in its prior decision denying his motion to reopen. *See* 8 U.S.C. § 1229a(c)(6)(C); 8 C.F.R. § 1003.2(b)(1); *see also Jian Hui*

2

*Shao v. Mukasey*, 546 F.3d 138, 173 (2d Cir. 2008). Zhu's sole argument is that he demonstrated changed conditions in China based on letters from his wife and village committee stating that the Chinese government seeks to punish him for proselytizing. However, in view of the agency's underlying adverse credibility determination, the BIA reasonably rejected Zhu's assertion of changed conditions because that assertion was supported solely by evidence that depended upon Zhu's veracity: an unauthenticated and unsigned committee letter and an unsworn letter purportedly from his wife. *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 146-49 (2d Cir. 2007).

Accordingly, the BIA did not abuse its discretion in denying Zhu's motion to reconsider. *See* 8 U.S.C. § 1229a(c)(6)(C); 8 C.F.R. § 1003.2(b)(1); *see also Jian Hui Shao*, 546 F.3d at 173.

For the foregoing reasons, the petition for review is DENIED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
